```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

PEED BROS., INC.,                *

    Plaintiff,                  *

vs.                              *
                                      CASE NO. 4:11-CV-86 (CDL)
MARTIN   MARIETTA   MATERIALS,   *
INC.,
                               *

    Defendant.
                               *

## O R D E R

This action arises from problems with Plaintiff Peed Bros., Inc.'s construction of a road in Macon County, Georgia. Plaintiff seeks to hold Defendant Martin Marietta Materials, Inc. legally responsible in part for the problems because Defendant allegedly supplied Plaintiff with defective product that formed the base of the road underlying the asphalt surface. Plaintiff sued Defendant for breach of contract, breach of express warranty, and breach of implied warranties. Defendant responds that the product it supplied was not defective when delivered and that no evidence exists that Defendant's product caused the problems with the road. Furthermore, Defendant contends that it disclaimed all implied warranties, that Plaintiff accepted the product, and that Plaintiff failed to revoke acceptance in a timely or effective manner. Defendant maintains that all of these issues must be decided as a matter

of law and has filed a motion for summary judgment (ECF No. 25). Plaintiff argues that genuine factual disputes exist for trial and thus opposes Defendant's motion for summary judgment.

In support of its claims, Plaintiff relies in part on the testimony of a professional geotechnical roadway engineer, Robin Webb, and a geotechnical roadway technician, Willie Goad. A reasonable interpretation of their testimony based on the present record is that the base surface of the roadway in question was contaminated with materials that caused the base to be defective and that the defective base material contributed to the failure of the road surface. Defendant filed a motion (ECF No. 19) seeking to exclude this testimony under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Based on the present record, the Court finds that these witnesses are qualified to give the opinions relied upon by Plaintiff in opposition to Defendant's motion for summary judgment and that those opinions are sufficiently reliable to be considered in deciding Defendant's summary judgment motion. Accordingly, Defendant's motion to exclude their testimony is denied.[1]

---

[1] Defendant also filed a motion to exclude the testimony of Christina Lopano or other associates of RJ Lee Group, Inc. based upon Plaintiff's failure to disclose their expert opinions as required by the Federal Rules of Civil Procedure, the Court's Local Rules, and the Scheduling Order (ECF No. 20). The Court grants this motion; however, this ruling does not prevent Plaintiff from admitting any reports prepared by Lopano and/or the RJ Lee Group, Inc. that were disclosed during the discovery period if those reports are admissible through some means other than the expert testimony of Lopano or an associate

Having thoroughly reviewed the present record, including direct and circumstantial evidence, and after construing all reasonable inferences in Plaintiff's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the Court finds that genuine factual disputes exist on the following issues: (1) whether the materials supplied by Defendant that were used for the base of the road were defective when delivered; (2) whether the allegedly defective nature of the materials constituted a breach of the contract between the parties; (3) whether the materials contributed to the failure of the roadway; (4) whether Defendant effectively disclaimed all implied warranties; (5) whether Plaintiff failed to revoke acceptance of the materials in a timely and/or effective manner; and (6) whether Defendant breached any express and/or implied warranties. Accordingly, Defendant's motion for summary judgment is denied. Fed. R. Civ P. 56.[2]

---

of the RJ Lee Group.  Moreover, this ruling does not preclude the non-expert testimony of Lopano to the extent that it relates to the reports previously supplied during discovery.

[2] The abbreviated nature of today's Order is necessary in order for this case to be scheduled for trial during the Court's next trial term beginning March 4, 2013, which requires that a pretrial conference be scheduled for the week of February 4, 2013.  Although the Court has spent substantial time reviewing the record, researching the law, and considering the motions, the Court did not find it wise to delay a ruling in the case until a lengthy publishable order could be prepared and refined.

CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 25) is denied.  Defendant's Motion in Limine to Preclude Expert Testimony of Robin Webb and Willie Goad (ECF No. 19) is denied, and Defendant's Motion in Limine to Preclude Expert Testimony of Christina Lopano or Other Associates of RJ Lee Group, Inc. (ECF No. 20) is granted.

IT IS SO ORDERED, this 20th day of December, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
